UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,
a national banking association,

     Plaintiff,

v.

SBAM PARK AVENUE, L.L.C., a Michigan
Limited liability company, JOHN R. GIBBS,
an individual, DIEGO REYES, an individual,
GABRIEL P. WEINERT, an individual,
MICHAEL OUAKNINE, an individual,
and THE MICHAEL OUAKNINE LIVING
TRUST DATED AUGUST 27, 2019,

     Defendants.

CASE NO. 2:23-cv-13000
HON. LAURIE J. MICHELSON
MAG. DAVID R. GRAND

---

ALOIA LAW
By:  Joseph N. Ejbeh (P48961)
     Ralph Colasuonno (P55019)
Attys for Plaintiffs/Counter-Defendants
48 South Main Street, Suite 3
Mt. Clemens, MI  48043
586.783.3300
ejbeh@aloia.law
colasuonno@aloia.law

WILLIAMS, WILLIAMS, RATTNER
  & PLUNKETT, P.C.
By: Richard E. Rassel, III (P57540)
     Wayne Walker (P51290)
Attys. for Defendants/Counter-Plaintiff
380 N. Old Woodward Ave., Suite 300
Birmingham, MI 48009
248.642.0333
rer@wwrplaw.com
wew@wwrplaw.com

---

## STIPULATED MUTUAL PROTECTIVE ORDER

Whereas the parties, through their respective counsel, have stipulated that this order is in their best interests and the Court is otherwise fully advised in the premises;

IT IS HEREBY ORDERED that any party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

1.    Any document, information, testimony, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information, including, without limitation, attorney-client privileged information, attorney-work product, any trade secret or confidential research, development, or commercial information not to be disclosed or be disclosed only in a designated way, as defined under Fed. R. Civ. P. 34(1)(A) and including but not limited to digital and electronic files and data, (hereinafter "Confidential Information" or "Confidential Documents").

2.    A producing party may designate any document or other tangible information, or thing PROPOSED as "CONFIDENTIAL" by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may

append to that document the appropriate designation that does not alter the metadata associated with the document or may place the appropriate designation mark "CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document. Such designation will make the documents and all copies, prints, summaries, excerpts, or other reproductions of such documents subject to this order. A party other than the producing party may also designate a document, testimony or other information as "Confidential" if it receives the undesignated information, and believes in good faith that it qualifies as Confidential Information under this stipulated order.

3. For purposes of this agreement, Confidential Documents that are produced by the parties in this action will be used only in this action and for no other purpose.

4. The contents of Confidential Documents will not, without leave of the Court, be communicated in any way to anyone other than (1) this Court, either in redacted form or, if necessary, under seal; (2) counsel for the parties in this action and their paralegal and clerical assistants who have a clear need for these documents in connection with these actions; (3) non-attorney persons retained by a party or counsel to serve as expert witnesses or otherwise to

provide advice to counsel in connection with this action, provided such persons have, before disclosure, signed the Acknowledgment attached to this Order, acknowledging that they have read this stipulation and protective order and agree to be bound by its terms; (4) deponents, according to the terms of paragraph 5, below;  (5) the parties and/or their employees, to the extent that involvement with this action is part of their job duties; (6) mediators appointed by the Court or selected by the parties and (7) any parties' insurance representatives who are involved in or are necessary to the defense of this matter. With the exception of Court personnel, persons permitted to review confidential documents under this order will, before obtaining access to the documents or information, be shown a copy of this stipulation and sign the Acknowledgment attached to this Order, agreeing to be bound by its terms by signing a copy of this stipulation. Counsel for the party wishing to disclose the material must retain the signed stipulation, hold it in escrow, and produce it to opposing counsel on request. Each party to this action, its employees, and its counsel will be advised of and be bound by the terms of this stipulation.

5.     The parties agree that all witness deposition transcripts, video recordings and audio recordings in this lawsuit may be deemed "confidential", can be marked as such, and shall thus be subject to the terms and conditions of this Order.

4

Attendance at depositions taken in this action at which Confidential Information is identified, discussed, or disclosed will be limited to the deposition notary or court reporter, transcriptionist, videographer, the witness, counsel for the witness, counsel for the parties, agents for counsel of the parties, and any representatives of the parties who have agreed in writing to be bound by the terms of this stipulation, including any parties' insurance representatives who are involved in or are necessary to the defense of this matter. If any Confidential Information to be used, testified about or discussed during the deposition in this action of any person who is not a party the deponent will be required to acknowledge on the record that deponent is aware of and agrees to be bound by the terms of this stipulation. That portion of the deposition transcript concerning any Confidential Information subject to this paragraph will not be disclosed to any permitted person except as identified in this stipulation and the transcript will be labeled "CONFIDENTIAL" The parties further agree that this stipulation and order will apply, as it applies to documents, to all testimony (including depositions) relating to Confidential Information and transcriptions of the testimony given in this case.

6.   Any party to this action may request, and the other party may agree, that the provisions of this stipulated order be waived for one or more of the

Confidential Documents or any of the Confidential Information. Any such waiver must be in writing, must be signed by counsel for both parties, and must be limited to the particular document(s) or information specifically identified in the written waiver.

7.   The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential" or not, shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure promptly notifies the receiving parties, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material was disclosed and is subsequently designated as "Confidential", the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

8.   If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such

treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

9.   The parties to this action may challenge the propriety of the designation of specific documents or information as confidential by serving a written objection on the opposing party's counsel, specifying the particular Confidential Information about which the objection is made and the grounds for the objection. The parties must promptly attempt to resolve any challenge in good faith informally. If the challenge is not resolved informally, after counsel's receipt of the written objection, either party may, on reasonable notice, move for appropriate ruling(s) from the Court. The Confidential Information in issue must be treated as confidential and subject to the restrictions of this stipulation and order unless and until the Court orders otherwise.

10.   This stipulated order is intended solely to facilitate the preparation and trial of the action and must not be construed in any way as an admission or agreement by any party that the designated disclosure actually constitutes or contains any privileged, confidential, or proprietary information under applicable law.

11.    This stipulated order, insofar as it restricts the communication and use of Confidential Information, must continue to be binding throughout and after the conclusion of this action, including all appeals. At the conclusion of this action, including all appeals, all Confidential Information and copies of same, must promptly be returned to the other party or destroyed with said destruction to be certified in writing.

12.    Nothing in this stipulated order should be construed to preclude a party from seeking additional protection of confidential materials or from otherwise seeking a modification of this stipulation and protective order.

13.    Nothing herein shall prevent counsel for the receiving parties from disclosing Confidential Documents or the Confidential Information therein to persons assisting counsel in the course of trial or pre-trial preparation, including experts, consultants, clerical persons, accounting personnel, transcriptionists, videographers, mediators or other similarly situated persons, or to persons who have prepared or have assisted in the preparation of such documents, persons to whom the documents were addressed or delivered, or to a party or employee of a party who is assisting counsel in the preparation for trial of this action, so long as such person signs the Acknowledgment attached to this Order.

14.     Nothing in this Order shall preclude any party or their attorneys from:

    a.     Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document, to have received the document.

    b.     Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential" or disclosing or using, in any manner or for any purpose, any information, documents, or things that are already in in the public domain or otherwise publicly available.

    c.     Disclosing or using, in any manner or for any purpose, any information, document, or thing at any evidentiary hearing or at the trial of this matter. But if a party intends to use or offer into evidence at such evidentiary hearing or trial any materials designated as "Confidential" that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

    d.     Redacting information from documents produced in accordance with the discovery process that is irrelevant to this action and/or would

9

provide the opposing party with a business advantage over the producing party if it is produced is permissible so long as the redactions do not remove context necessary to understanding the document. Nothing in this subsection limits the opposing party from challenging such redactions before this Court.

15. If any party to this action receives a subpoena or other formal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise for the production or disclosure of any confidential documents that are in that party's possession or control, that party must immediately provide to the other party's counsel written notice of that subpoena or demand to provide the other party with as much time as possible to take action to protect the confidentiality of the confidential documents and that party must not interfere with any action that the other party may elect to take to protect the confidentiality of the confidential documents.

16. The filing of documents under seal is governed by Local Rule 5.3.

17. This stipulated order will become effective on its execution by the undersigned counsel for the parties notwithstanding the date the Court enters the stipulation and protective order.

IT IS SO ORDERED.

Dated: March 22, 2024

                     s/Laurie J. Michelson
                     LAURIE J. MICHELSON
                     UNITED STATES DISTRICT JUDGE

Respectfully submitted,

| ALOIA LAW | WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C. |
|---|---|
| /s/ Joseph N. Ejbeh | /s/ Wayne Walker |
| JOSEPH N. EJBEH (P48961) | RICHARD E. RASSEL, III (P57540) |
| RALPH COLASUONNO (P55019) | WAYNE WALKER (P51290) |
| Attorneys for Plaintiff | Attorney for Defendants/Counter Plaintiff |
| 48 South Main Street, Suite 3 | 380 N. Old Woodward Ave., Suite 300 |
| Mt. Clemens, MI  48043 | Birmingham, MI  48009 |
| 586.783.3300 | (248) 642-0333 |
| ejbeh@aloia.law | rer@wwrplaw.com |
| colasuonno@aloia.law | wew@wwrplaw.com |

Dated:  March 22, 2024